ANDREW J. KOZLOW, SBN 252295
LEILA M. MOHSENI, SBN 315591
ERICKSEN ARBUTHNOT
2300 Clayton Road, Suite 350
Concord, CA  94520
Telephone: (510) 832-7770
Facsimile:  (510) 832-0102
akozlow@ericksenarbuthnot.com
lmohseni@ericksenarbuthnot.com

Attorneys for Defendants,
Mercy Retirement Care Center and
Tamra Marie Tsanos

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMIR SAIRAM, M.D., an individual; SAMIR SAIRAM, M.D., INC., a California professional corporation;<br><br>Plaintiff,<br><br>vs.<br><br>MERCY RETIREMENT AND CARE CENTER, a California corporation; TAMRA MARIE TSANOS, and DOES 1-25<br><br>Defendants. | Case No. 3:21-cv-04335-EMC<br><br>**DEFENDANT MERCY RETIREMENT AND CARE CENTER'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendant MERCY RETIREMENT AND CARE CENTER ("Defendant") hereby answers the First Amended Complaint ("Complaint") of plaintiffs SAMIR SAIRAM, M.D., and SAMIR SAIRAM, M.D., INC. ("Plaintiffs") as follows:

**ANSWER TO ALLEGATIONS OF COMPLAINT**

**PRELIMINARY STATEMENT**

1.    As to Paragraph 1, the paragraph does not contain allegations but rather general discussion and argument. As to the first and second sentences of Paragraph 1,

1   Defendant denies the allegations. Based on a current lack of sufficient information and
2   knowledge, Defendant denies the remainder of the paragraph.

## THE PARTIES, JURISDICTION, AND VENUE

4   2. As to Paragraph 2, the paragraph does not contain allegations but rather
5   general discussion. Defendant admits that Dr. Sairam is a licensed physician.  Defendant
6   denies the allegations of this paragraph based on a current lack of sufficient information and
7   knowledge.

8   3. As to Paragraph 3, Defendant admits the statements of this paragraph.
9   4. As to Paragraph 4, Defendant admits the statements of this paragraph.
10  5. As to Paragraph 5, Defendant admits the allegations of this paragraph.
11  6. As to Paragraph 6, Defendant admits the statements of this paragraph.
12  7. As to Paragraph 7, Defendant admits the statements of this paragraph.

## FACTUAL ALLEGATIONS

14  8. As to Paragraph 8, Defendant admits the allegations of this paragraph, except
15  as to first sentence which is a legal argument.
16  9. As to Paragraph 9, Defendant admits the allegations of this paragraph.
17  10. As to Paragraph 10, Defendant admits the allegations of this paragraph.
18  11. As to Paragraph 11, Defendant admits the allegations of this paragraph.
19  12. As to Paragraph 12, Defendant denies the allegations of this paragraph.
20  13. As to Paragraph 13, Defendant denies the allegations of first sentence. The
21  remainder of paragraph contains no allegations, but rather a statement of law.  Defendant
22  admits the paragraph accurately states a portion of the regulation cited but denies any
23  purported interpretation and application of the regulation.
24  14. As to paragraph 14, Defendant denies the allegations of this paragraph.
25  Paragraph 14 further contains legal conclusions and argument as to which no response is
26  required.
27  15. As to Paragraph 15, Defendant denies the allegations of this paragraph.
28  16. As to Paragraph 16, Defendant admits that the patient suffered cardiac arrest

and there were attempts at resuscitation, but denies the remainder of this paragraph

17. As to Paragraph 17, Defendant denies the allegations of this paragraph.

18. As to Paragraph 18, Defendant admits the allegations of this paragraph, except as to "unexpectedly receive notice," which Defendant denies based on a current lack of sufficient information and knowledge.

19. As to Paragraph 19, Defendant denies the allegations of this paragraph.

20. As to Paragraph 20, Defendant denies the allegations of this paragraph.

21. As to Paragraph 21, Defendant denies the allegations of this paragraph based on a current lack of sufficient information and knowledge.

22. As to Paragraph 22, Defendant denies the allegations of this paragraph.

23. As to Paragraph 23, Defendant denies the allegations of this paragraph.

24. As to Paragraph 24, Defendant denies the allegations of this paragraph.

25. As to paragraph 25, Defendant admits that Mercy mailed a letter to residents, announcing Dr. Sairam's departure as medical director. Mercy denies it retaliated against Dr. Sairam in any way. Mercy denies it interfered in Dr. Sairam's patient-physician relationship with residents in any way. Mercy denies the remaining allegations of this paragraph based on a current lack of sufficient information and knowledge.

26. As to Paragraph 26, Defendant admits that Plaintiff Sairam had an email exchange with Nicole Foreman on or about the referenced date. Mercy denies the first sentence of this paragraph, and denies there was any interference whatsoever. Mercy denies the remaining allegations of this paragraph based on a current lack of sufficient information and knowledge.

27. As to Paragraph 27, Defendant admits a communication was made by Ms. Fay on the referenced date but denies the remaining allegations of this paragraph..

28. As to Paragraph 28, Defendant admits that Plaintiff Sairam sent a cease-and-desist letter on or about the referenced date, but denies the remaining allegations of this paragraph.

29. As to Paragraph 29, Defendant admits that Mercy sent a letter to residents

1  announcing Dr. Sairam's departure as medical director, but denies the remaining allegations
2  of this paragraph.
3      30.    As to Paragraph 30, Defendant denies the allegations of this paragraph.
4      31.    As to Paragraph 31, Defendant denies the allegations of this paragraph.
5      32.    As to Paragraph 32, Defendant denies the allegations of this paragraph.
6      33.    As to Paragraph 33, Defendant admits that it made a policy change on or
7  about the referenced date, but denies the remaining allegations of this paragraph. Paragraph
8  33 further contains legal conclusions and argument as to which no response is required.
9      34.    As to Paragraph 34, Defendant admits that it made a policy reinforcement on
10 or about the referenced date, but denies the remaining allegations of this paragraph since the
11 policy was applicable to all physicians. Paragraph 34 further contains legal conclusions and
12 argument as to which no response is required.

### FIRST CAUSE OF ACTION

### Intentional Interference with Contractual Relationships

15     35.    As to Paragraph 35, Defendant incorporates its responses to Paragraphs 1
16 through 34.
17     36.    As to Paragraph 36, Defendant denies the allegations of this paragraph based
18 on a current lack of sufficient information and knowledge
19     37.    As to Paragraph 37, Defendant denies the allegations of this paragraph.
20     38.    As to Paragraph 38, Defendant denies the allegations of this paragraph.
21     39.    As to Paragraph 39, Defendant denies the allegations of this paragraph.
22     40.    As to Paragraph 40, Defendant denies the allegations of this paragraph.
23     41.    As to Paragraph 41, Defendant denies the allegations of this paragraph based
24 on a current lack of sufficient information and knowledge.
25     42.    As to Paragraph 42, Defendant denies the allegations of this paragraph.

### SECOND CAUSE OF ACTION

### Intentional Interference with Prospective Economic Advantage

28     43.    As to Paragraph 43, Defendant incorporates its responses to Paragraphs 1

1 | through 42.

2 | 44. As to Paragraph 44, Defendant admits that Plaintiff Sairam was contracted
3 | with Mercy prior to the referenced date, but Defendant denies the allegations of this
4 | paragraph based on a current lack of sufficient information and knowledge.

5 | 45. As to Paragraph 45, Defendant denies the allegations of this paragraph.

6 | 46. As to Paragraph 46, Defendant denies the allegations of this paragraph.

7 | 47. As to Paragraph 47, Defendant denies the allegations of this paragraph.

8 | 48. As to Paragraph 48, Defendant denies the allegations of this paragraph.

## THIRD CAUSE OF ACTION

### Violation of Business & Professions Code, § 510

11 | 49. As to Paragraph 49, Defendant incorporates its responses to Paragraphs 1
12 | through 48.

13 | 50. As to Paragraph 50, Defendant admits that Dr. Sairam is a health care
14 | practitioner but denies the remainder of the paragraph.

15 | 51. As to Paragraph 51, Defendant admits that Defendant "terminated Dr.
16 | Sairam's medical directorship with Mercy", but denies the remainder of the allegations of
17 | this paragraph.

18 | 52. As to Paragraph 52, Defendant denies the allegations of this paragraph.

19 | 53. As to Paragraph 53, Defendant denies the allegations of this paragraph.

## FOURTH CAUSE OF ACTION

### Violation of California Business & Professions Code § 2065

22 | 54. As to Paragraph 54, Defendant incorporates its responses to Paragraphs 1
23 | through 53.

24 | 55. As to Paragraph 55, Defendant admits that Dr. Sairam is a licensed physician,
25 | but denies the remaining portions of this paragraph.

26 | 56. As to Paragraph 56, Defendant admits that Defendant "terminated Dr.
27 | Sairam's medical directorship with Mercy," but denies the remainder of the allegations of
28 | this paragraph.

57. As to Paragraph 57, Defendant denies the allegations of this paragraph.

58. As to Paragraph 58, Defendant denies the allegations of this paragraph.

## FIFTH CAUSE OF ACTION

### Civil RICO, 18 U.S.C. § 1962(c) and (d)

59. As to Paragraph 59, Defendant incorporates its responses to Paragraphs 1 through 58.

60. As to Paragraph 60, Defendant denies the allegations of this paragraph.

61. As to Paragraph 61, Defendant denies the allegations of this paragraph.

62. As to Paragraph 62, Defendant denies the allegations of this paragraph.

63. As to Paragraph 63, Defendant denies the allegations of this paragraph.

64. As to Paragraph 64, Defendant denies the allegations of this paragraph.

65. As to Paragraph 65, Defendant denies the allegations of this paragraph.

66. As to Paragraph 66, Defendant denies the allegations of this paragraph.

## SIXTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

67. As to Paragraph 67, Defendant incorporates its responses to Paragraphs 1 through 67.

68. As to Paragraph 68, Defendant denies the allegations of this paragraph.

69. As to Paragraph 69, Defendant admits that on or about the referenced date Mercy notified Plaintiff Sairam of terminating the medical directorship.

70. As to Paragraph 70, Defendant denies the allegations of this paragraph.

71. As to Paragraph 71, Defendant denies the allegations of this paragraph.

## SEVENTH CAUSE OF ACTION

### Violation of Business & Professions Code, § 17200

72. As to Paragraph 72, Defendant incorporates its responses to Paragraphs 1 through 71.

73. As to Paragraph 73, Defendant admits the allegations in this paragraph in that it is California nonprofit corporation .

74. As to Paragraph 74, this paragraph contains no allegations, but rather a statement of law. Defendant admits the paragraph accurately states a portion of the statute cited.

75. As to Paragraph 75, Defendant denies the allegations of this paragraph.

76. As to Paragraph 76, Defendant denies the allegations of this paragraph and including all subparts.

77. As to Paragraph 77, Defendant denies the allegations of this paragraph including all subparts.

78. As to Paragraph 78, Defendant denies the allegations of this paragraph including all subparts.

79. As to Paragraph 79, Defendant denies the allegations of this paragraph.

80. As to Paragraph 80, Defendant denies the allegations of this paragraph.

81. As to Paragraph 81, Defendant denies the allegations of this paragraph.

## ANSWER TO PRAYER FOR RELIEF

Defendant denies each and every allegation and assertion contained in plaintiff's Prayer for Relief (Paragraphs 1 through 8).

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE: Defendant alleges that Plaintiffs were careless, negligent and/or otherwise at fault in and about the matters alleged in the Complaint, and that such carelessness, negligence and/or other fault proximately caused the occurrence of the incident and the loss and damages alleged and that said fault proportionately reduces any potential recovery against Defendant.

SECOND AFFIRMATIVE DEFENSE: Defendant alleges that neither the Complaint nor any cause of action in the Complaint states facts sufficient to substantiate a cause of action against Defendant.

THIRD AFFIRMATIVE DEFENSE: Defendant alleges that on information and belief, Plaintiffs' alleged injuries, losses, or damages, if any there were, was aggravated by Plaintiffs' failure to use reasonable diligence to mitigate them.

FOURTH AFFIRMATIVE DEFENSE: Defendant alleges that Plaintiffs have waived, expressly or by implication, his right to maintain the action filed in this case.

FIFTH AFFIRMATIVE DEFENSE: Defendant alleges that Plaintiffs have expressly waived and released any and all claims and liabilities against Defendant pursuant to a written agreement.

SIXTH AFFIRMATIVE DEFENSE: Defendant allege that Plaintiffs are estopped by action of law or by conduct from maintaining this action filed in this case against Defendant.

SEVENTH AFFIRMATIVE DEFENSE: Defendant alleges that Plaintiffs are guilty of "unclean hands" in the matters set forth in the Complaint, which conduct extinguishes the right to equitable relief in this action.

EIGHTH AFFIRMATIVE DEFENSE: Defendant alleges that it has complied with all statutory duties required of them, and are, therefore, relieved from any liability.

NINTH AFFIRMATIVE DEFENSE: Defendant alleges that Plaintiffs' Complaint, and each cause of action therein, is barred because Defendant fully complied with all obligations imposed by case law, statute, contract(s), or any other source.

TENTH AFFIRMATIVE DEFENSE: Defendant alleges that Plaintiffs lack standing to assert the causes of action set forth in the Complaint.

ELEVENTH AFFIRMATIVE DEFENSE: Defendant alleges that at all times it acted under legal right or in a good faith belief in the existence of a legal right.

TWELFTH AFFIRMATIVE DEFENSE: Defendant alleges that at all times mentioned in the Complaint, Defendant acted in good faith, with reasonable and probable cause for its actions.

THIRTEENTH AFFIRMATIVE DEFENSE: Defendant alleges that the action filed in this case is not maintainable under the doctrine of laches.

FOURTEENTH AFFIRMATIVE DEFENSE: Defendant alleges that the complaint fails to state facts sufficient to form a basis for the awarding of attorneys' fees.

FIFTEENTH AFFIRMATIVE DEFENSE: Defendant alleges that the Complaint is barred, in whole or in part, because at all times Defendant's actions towards Plaintiffs were

justified, privileged, reasonable, in good faith, without any improper motive, purpose or means, and were further without any hatred, ill will, malice or intent to injure.

SIXTEENTH AFFIRMATIVE DEFENSE: Defendant alleges that the subject agreement allowed for no-cause termination of the agreement, which Defendant exercised.

SEVENTEENTH AFFIRMATIVE DEFENSE: Defendant alleges that the Plaintiffs are barred from recovery of damages based upon the doctrine of after-acquired evidence.

EIGHTEENTH AFFIRMATIVE DEFENSE: The Complaint, and each of its causes of action, is barred because Defendant did not engage in the alleged retaliation set forth in the Complaint.

NINETEENTH AFFIRMATIVE DEFENSE: The Complaint, and each of its causes of action, is barred because all actions taken by Defendant were for legitimate business reasons.

TWENTIETH AFFIRMATIVE DEFENSE: Defendant alleges that all or some of Plaintiffs' causes of action are barred given Plaintiffs were an independent contractor of Defendant Mercy.

TWENTY-FIRST AFFIRMATIVE DEFENSE: Plaintiffs' complaint fails to allege facts sufficient to support a claim of punitive damages.

TWENTY-SECOND AFFIRMATIVE DEFENSE: Plaintiffs' complaint fails in its entirety as all actions taken by Defendant were for legitimate, non-retaliatory purposes.

TWENTY-THIRD AFFIRMATIVE DEFENSE: Plaintiffs' complaint fails in its entirety to plead sufficient facts that would give rise to individual liability for Defendant Tsanos.

TWENTY-FOURTH AFFIRMATIVE DEFENSE: Defendant reserves the right to assert other defenses as they become apparent or available, and to amend this answer accordingly.  No defense is being knowingly or intentionally waived.  Defendant further reserves the right to assert additional, relevant affirmative defenses to the extent they become known through discovery.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment from this Court as follows:

**DEFENDANT MERCY RETIREMENT AND CARE CENTER'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**
9

17715481.1

1. Plaintiffs take nothing by this action;

2. That the Complaint be dismissed with prejudice and that judgment be entered against Plaintiffs and in favor of Defendant on each cause of action;

3. That Defendant be awarded their attorneys' fees and costs of suit herein to the extent permitted under applicable law; and

4. Such other and further relief as the Court deems appropriate and proper.

DATED: July 19, 2021                        ERICKSEN, ARBUTHNOT

                                                                /s/
                                        ANDREW J. KOZLOW
                                        LEILA M. MOHSENI
                                        Attorneys for Defendants,
                                        MERCY RETIREMENT AND CARE
                                        CENTER and TAMRA MARIE TSANOS

**DEFENDANT MERCY RETIREMENT AND CARE CENTER'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

17715481.1

# PROOF OF SERVICE

I the undersigned, hereby declare that I am over the age of 18 years and not a party to the within action. I am employed in the County of Contra Costa, the County in which the following service occurred. My business address is 2300 Clayton Road, Suite 350, Concord, California, 94520.

On the date listed below, I caused a true copy of the following document(s) to be served in this action upon the person(s) set forth below, by the method indicated.

**DOCUMENT(S) SERVED:**      **DEFENDANT MERCY RETIREMENT AND CARE CENTER'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

PERSON(S) SERVED:

***Plaintiff's Counsel***
Michael A. Gawley
J. Maxwell Cooper
Kessenick, Gamma & Free, LLP
1 Post Street, Suite 2500
San Francisco, CA 94104
T. (415) 362-9400
F. (415) 362-9401
mgawley@kgf-lawfirm.com

**XX (BY ELECTRONIC SERVICE)** I certify that this document was served electronically to the person(s) named above. Notice of this filing will be sent to the above person(s) by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed at Concord, California on July 19, 2021.

_____
Penny Peterson