ANDREW J. KOZLOW, SBN 252295
LEILA M. MOHSENI, SBN 315591
ERICKSEN ARBUTHNOT
2300 Clayton Road, Suite 350
Concord, CA  94520
Telephone: (510) 832-7770
Facsimile:  (510) 832-0102
akozlow@ericksenarbuthnot.com
lmohseni@ericksenarbuthnot.com

Attorneys for Defendants,
Mercy Retirement Care Center and
Tamra Marie Tsanos

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMIR SAIRAM, M.D., an individual; SAMIR SAIRAM, M.D., INC., a California professional corporation;<br><br>Plaintiff,<br><br>vs.<br><br>MERCY RETIREMENT AND CARE CENTER, a California corporation; TAMRA MARIE TSANOS, and DOES 1-25<br><br>Defendants. | Case No. 3:21-cv-04335-EMC<br><br>**DEFENDANTS MERCY RETIREMENT AND CARE CENTER AND TAMRA MARIE TSANOS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT AS TO DEFENDANT TSANOS [FRCP 12(b)(6)]**<br><br>Date: August 26, 2021<br>Time: 1:30 p.m.<br>Judge: The Hon. Edward M. Chen<br>USDC, Northern District<br>Phillip Burton Federal Building Courthouse, Courtroom 5<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

Defendants, MERCY RETIREMENT AND CARE CENTER AND TAMRA MARIE TSANOS, ("Defendants") hereby reply to the Opposition of Plaintiffs to Defendants' Motion [Dkt. 8] Pursuant to Fed. R. Civ. P. 12 (B).

**I.   INTRODUCTION**

The Opposition confirms that Plaintiffs' complaint against Defendant Tsanos should be dismissed on the grounds of failure to state a claim for which relief can be granted as to Defendant Tsanos. The Opposition spends page after page repeating the allegations of the First

Amended Complaint ("FAC"), but fails to meet the argument that when conclusory assertions are stripped away the allegations of the FAC against Ms. Tsanos are implausible and insufficiently state a claim. Plaintiff is unable to come up with no more than a few imprecise facts against Ms. Tsanos, the highlights of which is that she merely signed Plaintiff's termination letter. As shown in Defendants' motion and elaborated below, Plaintiff shows no plausible link that would connect Ms. Tsanos with any conspiracy in the face of the alternative and simple explanation that she was merely acting upon her official role with Mercy. As much as Plaintiff seeks to argue otherwise, the only direct facts pled in support of Ms. Tsanos' individual liability are:

- "After this incident, Dr. Sairam complained to Mercy's Executive Director, Defendant Tamra Marie Tsanos about Ms. Forman's override of Dr. Sairam's order." [FAC, Dkt. No. 5 at ¶17]
- "The termination notice was sent and signed by Defendants Tamra Marie Tsanos." [FAC, Dkt. No. 5 at ¶18]
- "Just weeks after terminating his medical directorship in January 2021, Mercy (through its Executive Director Tamra Marie Tsanos) mailed a letter to residents or their authorized agents, announcing Dr. Sairam's departure as medical director." [FAC, Dkt. No. 5 at ¶25]

The remainder of the allegations are generic statements or recitation of law. No matter how much time is spent by the plaintiff in discussing the scope of the legal theories, it remains the alleged supporting fact consist of Ms. Tsanos: 1) receiving a complaint from Dr. Sairam, 2) signing the letter terminating his medical directorship, and 3) participating in a letter from Mercy announcing the new medical director. This not sufficient to maintain individual liability. For these reasons, plaintiffs' FAC, on its face, fails to state a claim for which relief can be granted as to Defendant Tsanos. Accordingly, the court should grant the motion to dismiss without leave to amend as to Defendant Tsanos.

//

//

## II. ARGUMENT

### A. There Are No Specific Plausible Facts that Ms. Tsanos Participated in Tortious Wrongs

Plaintiffs claim that Ms. Tsanos "intentionally interfered with and disrupted the contractual relationship between Plaintiffs and Dr. Sairam's residents." FAC, Dkt. No. 5, ¶ 14. However, the FAC is totally silent as to facts about the individual defendant's intention. It is similarly impossible to determine what role the Ms. Tsanos had in termination of Plaintiffs' contract because there is a similar absence of alleged facts in the Complaint in this regard—beyond simply signing documents on behalf of the organization.

Plaintiff alleges that Ms. Tsanos "at the very least knew about" the wrongful acts and "authorized that they be done." Opposition. Dkt. No. 9 p. 9, ¶ 2,3.  However, mere knowledge of tortious conduct by the corporation is not enough to hold a director or officer liable for the torts of the corporation, absent other 'unreasonable participation' in the unlawful conduct by the individual. *Wolf Designs, Inc. v. DHR & Co.*, 322 F. Supp. 2d at 1072; see *PMC, Inc. v. Kadisha*, 78 Cal. App. 4th 1368, 93 Cal. Rptr. 2d 663 (Cal. Ct. App. 2000).

Here, Plaintiffs have completely failed to plead facts supporting an inference of unlawful conduct, much less particularized facts supporting a strong inference of such conduct. The Plaintiffs' wrongful act theory is not plausible when considered in light of the innocent explanation that Ms. Tsanos merely signed the termination notice and a subsequent letter in her official role with Mercy. (FAC, Dkt. No. 5, ¶¶18, 25). Accordingly, the boilerplate allegations in the FAC regarding Ms. Tsanos, which are mere conclusions, are insufficient to defeat a motion to dismiss.

### B. The FAC Provides No Basis to Find that Ms. Tsanos Participated in a Scheme or a Pattern of Racketeering

Plaintiffs claim in their Opposition that the FAC contains "facts" supporting the claims that Ms. Tsanos participated in the alleged scheme. Opposition p. 5 ¶¶ 13, 14. However, the conspiracy allegations are insufficient because they consist solely of a "single

**DEFENDANTS MERCY RETIREMENT AND CARE CENTER AND TAMRA MARIE TSANOS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT AS TO DEFENDANT TSANOS [FRCP 12(b)(6)]**

- 3 -

letter" with a legitimate purpose. Plaintiffs allege that "Defendants have knowingly and willfully engaged in a pattern of racketeering activity by mailing letters (signed by Ms. Tsanos on behalf of Mercy) to all of Dr. Sairam's patients at Mercy to obtain money or property by means of false pretenses and representations about Dr. Sairam in violation of 18 U.S.C. § 1341 and by submitting claims for payment to the federal government…" (FAC, Dkt. No. 5, ¶65., Opposition, Dkt. No. 9, p. 15, ¶ 23-25.)

Plaintiffs' claims against Tsanos should be dismissed because he failed to allege sufficient facts to show a pattern and failed to allege a predicate act. Ms. Tsanos alternative explanation that she was acting within her official role with Mercy is a more credible explanation for her activities than is Plaintiff's complex conspiracy. There is no specific allegation that Ms. Tsanos participated in fraudulent billing practices. There are no probative allegations that Ms. Tsanos obtained "money or property by means of false pretenses and representations."

The allegations that Ms. Tsanos participated in a scheme are based on merely one letter sent out by Ms. Tsanos. The FAC contains no allegation of what the predicate racketeering acts were that were sufficiently related and continuous, or even that Ms. Tsanos was engaged in a series of related predicates extending over a substantial period of time. Plaintiffs allege the purpose of the alleged scheme was to encourage residents to transfer their care to another attending physician. However, Plaintiffs' Opposition fails to tell us why the bald allegations of scheme tie Ms. Tsanos to an alleged conspiracy. Moreover, besides being grossly conclusory, it is equally plausible that the letter was just an announcement regarding the changes.  Finally, the additional allegations pled regarding "threaten[ing] to bar Dr. Sairam from the premises, for alleged violations of Mercy's COVID-19 protocol…" [FAC, Dkt. 5, ¶28] and policy changes [FAC, Dkt. No. 5, ¶¶33, 34] contain no specific allegations against Ms. Tsanos.

For all of the above reasons, Defendants' motion to dismiss should be granted.

**III.    Conclusion**

Plaintiffs fail to allege particular facts that would support the claim that Ms. Tsanos acted beyond her official capacity. At best, the FAC alleges limited acts taken by Ms. Tsanos

1 in her official capacity—which is not sufficient. Moreover, Ms. Tsanos alternative
2 explanation that she merely signed the termination letter is a more credible explanation for
3 her activities than is Plaintiffs' complex conspiracy. For all of the above reasons,
4 Defendants' motion to dismiss should be granted.

DATED: August 9, 2021                                ERICKSEN, ARBUTHNOT

_____
ANDREW J. KOZLOW
LEILA M. MOHSENI
Attorneys for Defendants,
MERCY RETIREMENT AND CARE
CENTER and TAMRA MARIE TSANOS

# PROOF OF SERVICE

*Sairam, et al. v. Mercy Retirement and Care Center, et al.*
*USDC Case No. 3:21-cv-04335*

I the undersigned, hereby declare that I am over the age of 18 years and not a party to the within action.  I am employed in the County of Contra Costa, the County in which the following service occurred.  My business address is 2300 Clayton Road, Suite 350, Concord, California, 94520.

On the date listed below, I caused a true copy of the following document(s) to be served in this action upon the person(s) set forth below, by the method indicated.

**DOCUMENT(S) SERVED:**   **DEFENDANTS MERCY RETIREMENT AND CARE CENTER AND TAMRA MARIE TSANOS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT AS TO DEFENDANT TSANOS [FRCP 12(b)(6)]**

PERSON(S) SERVED:

*Plaintiff's Counsel*
Michael A. Gawley
J. Maxwell Cooper
Kessenick, Gamma & Free, LLP
1 Post Street, Suite 2500
San Francisco, CA 94104
T. (415) 362-9400
F. (415) 362-9401
mgawley@kgf-lawfirm.com

**XX ONLY BY ELECTRONIC TRANSMISSION**. Only by emailing the document(s) to the persons at the e-mail address(es).  This is necessitated during the declared National Emergency due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail.  No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only, when we return to the office at the conclusion of the national emergency.

**XX (BY MAIL)** I caused such envelope with postage thereon fully prepaid to be placed in the United States Mail this day in Concord, California.  I am "readily familiar" with the firm's practice of collecting and processing mail.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.

**(BY PERSONAL SERVICE)** I caused said document(s) to be personally delivered by hand to the persons named above.

**(BY ELECTRONIC SERVICE)** I certify that this document was served electronically to the person(s) named above.  Notice of this filing will be sent to the above person(s) by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

**(BY ELECTRONIC MAIL)** I caused said document(s) to be electronically mailed to the person(s) named above at the electronic mail address stated.

**(BY FACSIMILE TRANSMISSION)** I caused the said document(s) to be transmitted by facsimile transmission to the number indicated after the addresses noted above or on the attachment herein.

**(BY OVERNIGHT COURIER)** I caused each such envelope addressed to the party/parties, with postage or delivery fees thereon fully prepaid or provided for, and depositing said envelope(s) in a box or other facility regularly maintained by the overnight courier or driver authorized by the overnight courier to receive documents.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed at Concord, California on August 9, 2021.

_____
Penny Peterson

**DEFENDANTS MERCY RETIREMENT AND CARE CENTER AND TAMRA MARIE TSANOS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT AS TO DEFENDANT TSANOS [FRCP 12(b)(6)]**

- 7 -