ANDREW J. KOZLOW, SBN 252295
LEILA M. MOHSENI, SBN 315591
ERICKSEN ARBUTHNOT
2300 Clayton Road, Suite 350
Concord, CA  94520
Telephone: (510) 832-7770
Facsimile:  (510) 832-0102
akozlow@ericksenarbuthnot.com
lmohseni@ericksenarbuthnot.com

Attorneys for Defendants,
Mercy Retirement Care Center and
Tamra Marie Tsanos

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMIR SAIRAM, M.D., an individual; SAMIR SAIRAM, M.D., INC., a California professional corporation;<br><br>Plaintiff,<br><br>vs.<br><br>MERCY RETIREMENT AND CARE CENTER, a California corporation; TAMRA MARIE TSANOS, and DOES 1-25<br><br>Defendants. | Case No. 3:21-cv-04335-EMC<br><br>**DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT AS TO DEFENDANT TSANOS [FRCP 12(B)(6)]**<br><br>**Judge:**  The Hon. Edward M. Chen<br>USDC, Northern District<br>Phillip Burton Federal Building<br>Courthouse, Courtroom 5<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 |

Pursuant to the Court's August 26, 2021 Order (Docket No. 18), Defendant respectfully submits this Supplemental Brief in Support of Defendant's Motion to Dismiss Complaint as To Defendant Tsanos [FRCP 12(B)(6)] ("Motion") (Docket No. 8).

**I.    The Current Case Does Not Meet the Standard for Injury Under RICO Re: Wire fraud/Medicare Reimbursement**

To state a claim under the civil Racketeer Influenced and Corrupt Organizations Act (RICO), a plaintiff is required to show that a RICO predicate offense not only was a "but for"

1 cause of his injury, but was the proximate cause as well. Proximate cause for RICO purposes is
2 evaluated in light of its common-law foundations; proximate cause thus requires some direct
3 relation between the injury asserted and the injurious conduct alleged. A link that is too remote,
4 purely contingent, or indirect is insufficient. *Hemi Group, LLC v. City of New York*, (2010) 559
5 U.S. 1, 130 S. Ct. 983, 175 L. Ed. 2d 943.

6 Though the Racketeer Influenced and Corrupt Organizations Act is interpreted broadly,
7 its reach is limited by the requirement of a direct causal connection between the predicate
8 wrong and the harm. *Id.* at 559 U.S. 1, at 17. Three Supreme Court cases interpret "by reason
9 of" to require that a plaintiff in a civil RICO action show that the defendant's actions were "not
10 only . . . a 'but for' cause of [plaintiff's] injury, but . . . the proximate cause as well." *Holmes v.*
11 *Sec. Inv. Prot. Corp.*, 503 U.S. 258, 268, 112 S. Ct. 1311, 117 (1992); see *Hemi Group, LLC v.*
12 *City of N.Y.*, 559 U.S. 1, 9, 130 S. Ct. 983, 175 (2010) (citing *Holmes*, 503 U.S. at 268, 271,
13 274); *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461, 126 S. Ct. 1991, 164 L. Ed. 2d 720
14 (2006). The "central question" in evaluating proximate causation in the RICO context "is
15 whether the alleged violation led directly to the plaintiff's injuries." *Anza*, 547 U.S. at 461.

16 A plaintiff asserting injury to property must allege (1) the injury is proprietary as
17 opposed to "personal" or "emotional" and (2) the proprietary injury resulted in "concrete
18 financial loss." *Canyon Cty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008).

19 Here, judged by these standards, the injury in Plaintiff's complaint is even more
20 attenuated, since any alleged wire fraud would allegedly make Medicare to pay more. Plaintiff
21 alleges that Mercy and its representatives submitted above board billings to the Medicare
22 program for reimbursement. However, Plaintiff was not the real party in interest and his
23 injuries were not proximately caused by the alleged RICO violation. If any, it was the
24 Medicare, not the Plaintiff, that allegedly suffered the direct consequences, and the alleged
25 wire fraud was only an indirect harm.

26 The Supreme Court's most recent decision in this area, *Hemi*, states, "[a] link [between
27 the RICO predicate acts and plaintiff's injuries] that is 'too remote,' 'purely contingent,' or
28 'indirec[t]' is insufficient" to show proximate cause. 559 U.S. at 9 (quoting *Holmes*, 503 U.S. at

1  271, 274). This requirement reflects "[t]he general tendency of the law, in regard to damages at
2  least, . . . not to go beyond the first step." *Id*. at 10 (quoting *Holmes*, 503 U.S. at 271-72).
3  Relatedly, the *Hemi* court found it highly "relevant to the RICO 'direct relationship'
4  requirement . . . whether better situated plaintiffs would have an incentive to sue." *Id.* at 11-12
5  (citing *Holmes*, 503 U.S. at 269-70).

6        Additionally, these Supreme Court cases have identified "three functional factors with
7  which to assess whether proximate cause exists under RICO." *Racecourse v. Wynn Resorts*,
8  2021 U.S. App. LEXIS 6190, 2021 WL 805938. See *In re Neurontin Mktg. & Sales Pracs.*
9  *Litig.*, 712 F.3d 21, 35-36 (1st Cir. 2013) (citing *Holmes*, 503 U.S. at 269-70). These are (1)
10 "concerns about proof" because "the less direct an injury is, the more difficult it becomes to
11 ascertain the amount of a plaintiff's damages attributable to the violation, as distinct from other,
12 independent, factors," *Id*. at 36 (quoting *Holmes*, 503 U.S. at 269); (2) "concerns about
13 administrability and the avoidance of multiple recoveries," *Id.*.; and (3) "the societal interest in
14 deterring illegal conduct and whether that interest would be served in a particular case," *Id.* As
15 to this third factor, "directly injured victims can generally be counted on to vindicate the law . .
16 . without any of the problems attendant upon suits by plaintiffs injured more remotely." *Id.*
17 (quoting *Holmes*, 503 U.S. at 269-70).

18       Here, applying the *Hemi* analysis, it is clear that Plaintiff has not sufficiently alleged a
19 direct, non-contingent injury. At minimum, Medicare, which is not involved in this suit, is a
20 "better situated plaintiff" with "an incentive to sue." (see *Holmes*, 503 U.S. at 269-70).
21 Medicare was Defendant's direct recipient for the billings. Plaintiff's theory is that Defendant's
22 wrongful conduct caused him injuries. However, any injury, if any, was allegedly suffered by
23 Medicare, and Medicare is necessarily several steps closer to Defendant's allegedly wrongful
24 conduct. By attempting to recover directly from Defendant, Plaintiff's theory of causation both
25 "go[es] beyond the first step" of the injuries from the alleged RICO scheme and is "purely
26 contingent." See *Racecourse v. Wynn Resorts*, 2021 U.S. App. LEXIS 6190, 2021 WL 805938.
27       Similarly, in the RICO context, the focus is on the directness of the relationship
28 between the conduct and the harm. *Stillaguamish Tribe of Indians v. Nelson*, 2013 U.S. Dist.

1  LEXIS 55133, *1, 2013 WL 1661244. When a court evaluates a RICO claim for proximate

2  causation, the central question it must ask is whether the alleged violation led directly to

3  plaintiff's injuries. *Id*. In *Bridge v. Phoenix Bond & Indem. Co*., 553 U.S. 639, 658, 128 S. Ct.

4  2131, 170 L. Ed. 2d 1012 (2008), proximate cause satisfied where injury was direct result of

5  petitioners' fraud, a foreseeable and natural consequence of petitioners' scheme, and where

6  there were no independent factors that account for the claimed injury, and no risk of

7  duplicative recoveries by plaintiffs removed at different levels of injury from the violation, and

8  no more immediate victim is better situated to sue. *Id.*

9        Here, the connection between defendant and Plaintiff's alleged wire fraud claims and

10  the wrongful billing practices is too weak to sustain the RICO claims or that the injuries are too

11  indirect to the defendant's alleged conduct.

12        To have standing under RICO, Plaintiffs must suffer an economic injury which is

13  concrete and particular and not speculative. See *Imagineering, Inc. v. Kiewit Pacific Co*., 976

14  F.2d 1303, 1310-11 (9th Cir. 1992) (holding not all injuries compensable and RICO requires

15  "concrete financial loss"); *First Nationwide Bank v. Gelt Funding Corp*., 27 F.3d 763, 768-69

16  (2nd Cir. 1994) (RICO cause of action does not accrue until the amount of damages becomes

17  clear and definite); *Oscar v. University Students Co-op Ass'n*, 965 F.2d 783, 786-87 (9th Cir.

18  1992) (en banc) (decrease in value of property too speculative to recover); *Lui Ciro, Inc. v.

19  Ciro, Inc.*, 895 F. Supp. 1365, 1380 (D. Hawai'i 1995) (not all injuries compensable under

20  RICO); *Sheperd v. American Honda Motor Co., Inc*., 822 F. Supp. 625, 627-630 (N.D. Cal.

21  1993) A plaintiff may not sue under RICO unless he can show concrete financial loss. *In re

22  Taxable Mun. Bond Sec. Litig*., 51 F.3d 518, 523 (5th Cir. 1995); accord *Imagineering, Inc. v.

23  Kiewit Pac. Co.*, 976 F.2d 1303, 1310 (9th Cir. 1992).

24        Similarly, in *City of Milwaukee v Universal Mortgage Corp*. 692 F. Supp. 992 (1988),

25  the city accused the defendant bank of a RICO scheme to defraud the U.S. Department of

26  Housing and Urban Development into approving home mortgage insurance on dilapidated

27  homes. Milwaukee suffered decreased property values and increased crime and was forced to

28  spend more to deal with the scheme. The court ultimately concluded that the city was not the

1  real party in interest and its injuries were not proximately caused by the RICO violation. It was
2  the United States, not the city, that suffered the direct consequences, and the deterioration of
3  Milwaukee's neighborhoods was only an indirect harm.
4      Finally, injury which results indirectly from the predicate acts does not confer standing
5  under RICO. See *Benedetti v. Nissenbaum*, 1993 U.S. Dist. LEXIS 4559, No. 90 Civ. 7206,
6  1993 WL 118489, at *3 (S.D.N.Y. April 12, 1993) (Wood, J.) The causal nexus must logically
7  connect plaintiff's injury with defendant's overt predicate acts. *Valleyside Dairy Farms v. A.O.*
8  *Smith Corp*., 1996 U.S. Dist. LEXIS 10982, *7.
9      Here, the plaintiff does not have standing to pursue a RICO action as he was not a
10 target of the alleged racketeering activity and plaintiff only alleges that he suffered, at best,
11 indirect injury.

## II. CONCLUSION

13     For the foregoing reasons, and the reasons presented in its Motion and Reply, and at the
14 August 26 oral argument, Defendant respectfully requests that the complaint be dismissed as to
15 Defendant Tsanos with prejudice.

17 DATED: September 2, 2021        ERICKSEN, ARBUTHNOT

20                                   ANDREW J. KOZLOW
21                                   LEILA M. MOHSENI
                                  Attorneys for Defendants,
22                                   MERCY RETIREMENT AND CARE
                                  CENTER and TAMRA MARIE TSANOS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the court and served electronically through the CM-ECF (Electronic Case Filing) system to all counsel of record to those registered to receive a Notice of Electronic Filing for this case on this 2nd day of September, 2021.

I also caused a true copy of the foregoing document to be served in this action upon the person(s) set forth below, by the method indicated.

PERSON(S) SERVED:

*Plaintiff's Counsel*
Michael A. Gawley
J. Maxwell Cooper
Kessenick, Gamma & Free, LLP
1 Post Street, Suite 2500
San Francisco, CA 94104
T. (415) 362-9400
F. (415) 362-9401
mgawley@kgf-lawfirm.com

**XX (BY ELECTRONIC SERVICE)** I certify that this document was served electronically to the person(s) named above. Notice of this filing will be sent to the above person(s) by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed at Concord, California on September 2, 2021.

*[signature: Penny Peterson]*
Penny Peterson