ANDREW J. KOZLOW, SBN 252295
LEILA M. MOHSENI, SBN 315591
ERICKSEN ARBUTHNOT
2300 Clayton Road, Suite 350
Concord, CA  94520
Telephone: (510) 832-7770
Facsimile:  (510) 832-0102
akozlow@ericksenarbuthnot.com
lmohseni@ericksenarbuthnot.com

Attorneys for Defendants,
Mercy Retirement Care Center and
Tamra Marie Tsanos

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMIR SAIRAM, M.D., an individual; SAMIR SAIRAM, M.D., INC., a California professional corporation;<br><br>Plaintiff,<br><br>vs.<br><br>MERCY RETIREMENT AND CARE CENTER, a California corporation; TAMRA MARIE TSANOS, and DOES 1-25<br><br>Defendants. | **Case No. 3:21-cv-04335-EMC**<br><br>**DEFENDANT MERCY RETIREMENT AND CARE CENTER'S SECOND AMENDED ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

Defendant MERCY RETIREMENT AND CARE CENTER ("Defendant") hereby answers the First Amended Complaint ("Complaint") of plaintiffs SAMIR SAIRAM, M.D., and SAMIR SAIRAM, M.D., INC. ("Plaintiffs") as follows:

## ANSWER TO ALLEGATIONS OF COMPLAINT

## PRELIMINARY STATEMENT

1. As to Paragraph 1, the paragraph does not contain allegations but rather general discussion and argument. As to the first and second sentences of Paragraph 1,

1   Defendant denies the allegations. Based on a current lack of sufficient information and

2   knowledge, Defendant denies the remainder of the paragraph.

3                    **THE PARTIES, JURISDICTION, AND VENUE**

4        2.      As to Paragraph 2, the paragraph does not contain allegations but rather

5   general discussion. Defendant admits that Dr. Sairam is a licensed physician.  Defendant

6   denies the allegations of this paragraph based on a current lack of sufficient information and

7   knowledge.

8        3.      As to Paragraph 3, Defendant admits the statements of this paragraph.

9        4.      As to Paragraph 4, Defendant admits the statements of this paragraph.

10       5.      As to Paragraph 5, Defendant admits the allegations of this paragraph.

11       6.      As to Paragraph 6, Defendant admits the statements of this paragraph.

12       7.      As to Paragraph 7, Defendant admits the statements of this paragraph.

13                         **FACTUAL ALLEGATIONS**

14       8.      As to Paragraph 8, Defendant admits the allegations of this paragraph, except

15   as to first sentence which is a legal argument.

16       9.      As to Paragraph 9, Defendant admits the allegations of this paragraph.

17       10.     As to Paragraph 10, Defendant admits the allegations of this paragraph.

18       11.     As to Paragraph 11, Defendant admits the allegations of this paragraph.

19       12.     As to Paragraph 12, Defendant denies the allegations of this paragraph.

20       13.     As to Paragraph 13, Defendant denies the allegations of first sentence. The

21   remainder of paragraph contains no allegations, but rather a statement of law.  Defendant

22   admits the paragraph accurately states a portion of the regulation cited but denies any

23   purported interpretation and application of the regulation.

24       14.     As to paragraph 14, Defendant denies the allegations of this paragraph.

25   Paragraph 14 further contains legal conclusions and argument as to which no response is

26   required.

27       15.     As to Paragraph 15, Defendant denies the allegations of this paragraph.

28       16.     As to Paragraph 16, Defendant admits that the patient suffered cardiac arrest

and there were attempts at resuscitation, but denies the remainder of this paragraph

17.     As to Paragraph 17, Defendant denies the allegations of this paragraph.

18.     As to Paragraph 18, Defendant admits the allegations of this paragraph, except as to "unexpectedly receive notice," which Defendant denies based on a current lack of sufficient information and knowledge.

19.     As to Paragraph 19, Defendant denies the allegations of this paragraph.

20.     As to Paragraph 20, Defendant denies the allegations of this paragraph.

21.     As to Paragraph 21, Defendant denies the allegations of this paragraph based on a current lack of sufficient information and knowledge.

22.     As to Paragraph 22, Defendant denies the allegations of this paragraph.

23.     As to Paragraph 23, Defendant denies the allegations of this paragraph.

24.     As to Paragraph 24, Defendant denies the allegations of this paragraph.

25.     As to paragraph 25, Defendant admits that Mercy mailed a letter to residents, announcing Dr. Sairam's departure as medical director.  Mercy denies it retaliated against Dr. Sairam in any way.  Mercy denies it interfered in Dr. Sairam's patient-physician relationship with residents in any way.  Mercy denies  the remaining allegations of this paragraph based on a current lack of sufficient information and knowledge.

26.     As to Paragraph 26, Defendant admits that Plaintiff Sairam had an email exchange with Nicole Foreman on or about the referenced date.  Mercy denies the first sentence of this paragraph, and denies there was any interference whatsoever.  Mercy denies the remaining allegations of this paragraph based on a current lack of sufficient information and knowledge.

27.     As to Paragraph 27, Defendant admits a communication was made by Ms. Fay on the referenced date but denies the remaining allegations of this paragraph..

28.     As to Paragraph 28, Defendant admits that Plaintiff Sairam sent a cease-and-desist letter on or about the referenced date, but denies the remaining allegations of this paragraph.

29.     As to Paragraph 29, Defendant admits that Mercy sent a letter to residents

1  announcing Dr. Sairam's departure as medical director, but denies the remaining allegations
2  of this paragraph.

3    30. As to Paragraph 30, Defendant denies the allegations of this paragraph.

4    31. As to Paragraph 31, Defendant denies the allegations of this paragraph.

5    32. As to Paragraph 32, Defendant denies the allegations of this paragraph.

6    33. As to Paragraph 33, Defendant admits that it made a policy change on or
7  about the referenced date, but denies the remaining allegations of this paragraph. Paragraph
8  33 further contains legal conclusions and argument as to which no response is required.

9    34. As to Paragraph 34, Defendant admits that it made a policy reinforcement on
10 or about the referenced date, but denies the remaining allegations of this paragraph since the
11 policy was applicable to all physicians. Paragraph 34 further contains legal conclusions and
12 argument as to which no response is required.

13        **FIRST CAUSE OF ACTION**

14     **Intentional Interference with Contractual Relationships**

15   35. As to Paragraph 35, Defendant incorporates its responses to Paragraphs 1
16 through 34.

17   36. As to Paragraph 36, Defendant denies the allegations of this paragraph based
18 on a current lack of sufficient information and knowledge

19   37. As to Paragraph 37, Defendant denies the allegations of this paragraph.

20   38. As to Paragraph 38, Defendant denies the allegations of this paragraph.

21   39. As to Paragraph 39, Defendant denies the allegations of this paragraph.

22   40. As to Paragraph 40, Defendant denies the allegations of this paragraph.

23   41. As to Paragraph 41, Defendant denies the allegations of this paragraph based
24 on a current lack of sufficient information and knowledge.

25   42. As to Paragraph 42, Defendant denies the allegations of this paragraph.

26        **SECOND CAUSE OF ACTION**

27     **Intentional Interference with Prospective Economic Advantage**

28   43. As to Paragraph 43, Defendant incorporates its responses to Paragraphs 1

through 42.

44.    As to Paragraph 44, Defendant admits that Plaintiff Sairam was contracted with Mercy prior to the referenced date, but Defendant denies the allegations of this paragraph based on a current lack of sufficient information and knowledge.

45.    As to Paragraph 45, Defendant denies the allegations of this paragraph.

46.    As to Paragraph 46, Defendant denies the allegations of this paragraph.

47.    As to Paragraph 47, Defendant denies the allegations of this paragraph.

48.    As to Paragraph 48, Defendant denies the allegations of this paragraph.

## THIRD CAUSE OF ACTION

### Violation of Business & Professions Code, § 510

49.    As to Paragraph 49, Defendant incorporates its responses to Paragraphs 1 through 48.

50.    As to Paragraph 50, Defendant admits that Dr. Sairam is a health care practitioner but denies the remainder of the paragraph.

51.    As to Paragraph 51, Defendant admits that Defendant "terminated Dr. Sairam's medical directorship with Mercy", but denies the remainder of the allegations of this paragraph.

52.    As to Paragraph 52, Defendant denies the allegations of this paragraph.

53.    As to Paragraph 53, Defendant denies the allegations of this paragraph.

## FOURTH CAUSE OF ACTION

### Violation of California Business & Professions Code § 2065

54.    As to Paragraph 54, Defendant incorporates its responses to Paragraphs 1 through 53.

55.    As to Paragraph 55, Defendant admits that Dr. Sairam is a licensed physician, but denies the remaining portions of this paragraph.

56.    As to Paragraph 56, Defendant admits that Defendant "terminated Dr. Sairam's medical directorship with Mercy," but denies the remainder of the allegations of this paragraph.

57.   As to Paragraph 57, Defendant denies the allegations of this paragraph.

58.   As to Paragraph 58, Defendant denies the allegations of this paragraph.

## FIFTH CAUSE OF ACTION

### Civil RICO, 18 U.S.C. § 1962(c) and (d)

59.   As to Paragraph 59, Defendant incorporates its responses to Paragraphs 1 through 58.

60.   As to Paragraph 60, Defendant denies the allegations of this paragraph.

61.   As to Paragraph 61, Defendant denies the allegations of this paragraph.

62.   As to Paragraph 62, Defendant denies the allegations of this paragraph.

63.   As to Paragraph 63, Defendant denies the allegations of this paragraph.

64.   As to Paragraph 64, Defendant denies the allegations of this paragraph.

65.   As to Paragraph 65, Defendant denies the allegations of this paragraph.

66.   As to Paragraph 66, Defendant denies the allegations of this paragraph.

## SIXTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

67.   As to Paragraph 67, Defendant incorporates its responses to Paragraphs 1 through 67.

68.   As to Paragraph 68, Defendant denies the allegations of this paragraph.

69.   As to Paragraph 69, Defendant admits that on or about the referenced date Mercy notified Plaintiff Sairam of terminating the medical directorship.

70.   As to Paragraph 70, Defendant denies the allegations of this paragraph.

71.   As to Paragraph 71, Defendant denies the allegations of this paragraph.

## SEVENTH CAUSE OF ACTION

### Violation of Business & Professions Code, § 17200

72.   As to Paragraph 72, Defendant incorporates its responses to Paragraphs 1 through 71.

73.   As to Paragraph 73, Defendant admits the allegations in this paragraph in that it is California nonprofit corporation .

74.     As to Paragraph 74, this paragraph contains no allegations, but rather a statement of law.  Defendant admits the paragraph accurately states a portion of the statute cited.

75.     As to Paragraph 75, Defendant denies the allegations of this paragraph.

76.     As to Paragraph 76, Defendant  denies the allegations of this paragraph and including all subparts.

77.     As to Paragraph 77, Defendant denies the allegations of this paragraph including all subparts.

78.     As to Paragraph 78, Defendant denies the allegations of this paragraph including all subparts.

79.     As to Paragraph 79, Defendant denies the allegations of this paragraph.

80.     As to Paragraph 80, Defendant denies the allegations of this paragraph.

81.     As to Paragraph 81, Defendant denies the allegations of this paragraph.

## ANSWER TO PRAYER FOR RELIEF

Defendant denies each and every allegation and assertion contained in plaintiff's Prayer for Relief (Paragraphs 1 through 8).

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE: Defendant alleges that Plaintiffs were careless, negligent and/or otherwise at fault in and about the matters alleged in the Complaint, and that such carelessness, negligence and/or other fault proximately caused the occurrence of the incident and the loss and damages alleged and that said fault proportionately reduces any potential recovery against Defendant. Such conduct includes, but is not limited to, failure to respond timely to inquires from staff, failure to respond timely to inquires from patient families, failure to abide by COVID-19 protocols, and unprofessional communication with staff of Defendant.

SECOND AFFIRMATIVE DEFENSE: Defendant alleges that neither the Complaint nor any cause of action in the Complaint states facts sufficient to substantiate a cause of action against Defendant.  Plaintiff was never an employee of Defendant thus there is no

1  basis to claim wrongful termination.  In addition, the complaint fails to set forth facts setting

2  forth a pattern and practice of racketeering to support a claim under 18 U.S.C.§1962(c)

3  and/or (d). Moreover, the complaint fails to plead facts showing any interference with

4  contractual  relationships or facts to support the claim that Plaintiff Sairam was unable to

5  continue to serve as a treating physician for patients at Mercy.  The complaint further fails to

6  plead facts to substantiate a claim of any retaliation under Bus. & Prof. Code §510 and/or

7  §2056 in that no facts of "advocating for appropriate health care" are pled, nor could they as

8  such facts do not exist.  Given the preceding causes of actions were not substantially pled, a

9  claim under Bus. & Prof. Code §17200 likewise is inadequately pled as it is derivative of

10  those claims.

11       THIRD AFFIRMATIVE DEFENSE: Defendant alleges that on information and

12  belief, Plaintiffs' alleged injuries, losses, or damages, if any there were, were aggravated by

13  Plaintiffs' failure to use reasonable diligence to mitigate them.   Plaintiff Dr. Sairam remains

14  a licensed physician with the full ability to practice medicine.  Any claimed lost revenue

15  (which Mercy denies it is responsible for) would conceivably be mitigated by other patients

16  in Plaintiff's practice.

17       FOURTH AFFIRMATIVE DEFENSE: Defendant alleges that Plaintiffs have

18  waived, expressly or by implication, his right to maintain the action filed in this case.

19       FIFTH AFFIRMATIVE DEFENSE: Defendant allege that Plaintiffs are estopped by

20  action of law or by conduct from maintaining this action filed in this case against Defendant.

21  Plaintiffs seek compensation for claimed financial losses that were solely based on Plaintiff

22  Dr. Sairam's own actions or failure to mitigate his own damages.

23       SIXTH AFFIRMATIVE DEFENSE: Defendant alleges that Plaintiffs are guilty of

24  "unclean hands" in the matters set forth in the Complaint, which conduct extinguishes the

25  right to equitable relief in this action.  Such conduct includes, but is not limited to, failure to

26  respond timely to inquiries from staff, failure to respond timely to inquiries from patient

27  families, failure to abide by COVID-19 protocols, and unprofessional communication with

28  staff of Defendant.

1   SEVENTH AFFIRMATIVE DEFENSE: Defendant alleges that it has complied with

2   all statutory duties required of them, and are, therefore, relieved from any liability.

3   EIGHTH AFFIRMATIVE DEFENSE: Defendant alleges that Plaintiffs' Complaint,

4   and each cause of action therein, is barred because Defendant fully complied with all

5   obligations imposed by case law, statute, contract(s), or any other source.

6   NINTH AFFIRMATIVE DEFENSE: Defendant alleges that Plaintiffs lack standing to

7   assert the causes of action set forth in the Complaint.  Plaintiff Dr. Sairam was never an

8   employee of Mercy and as such there is no basis to assert wrongful termination in violation of

9   public policy.

10  TENTH AFFIRMATIVE DEFENSE: Defendant alleges that at all times it acted under

11  legal right or in a good faith belief in the existence of a legal right.

12  ELEVENTH AFFIRMATIVE DEFENSE: Defendant alleges that at all times

13  mentioned in the Complaint, Defendant acted in good faith, with reasonable and probable

14  cause for its actions.  Defendant acted within the terms of the contract to elect to terminate

15  the contract upon proper notice.

16  TWELFTH AFFIRMATIVE DEFENSE: Defendant alleges that the complaint fails to

17  state facts sufficient to form a basis for the awarding of attorneys' fees.

18  THIRTEENTH AFFIRMATIVE DEFENSE: Defendant alleges that the Complaint is

19  barred, in whole or in part, because at all times Defendant's actions towards Plaintiffs were

20  justified, privileged, reasonable, in good faith, without any improper motive, purpose or means,

21  and were further without any hatred, ill will, malice or intent to injure.  Defendant acted within

22  the terms of the contract to elect to terminate the contract upon proper notice.

23  FOURTEENTH AFFIRMATIVE DEFENSE: Defendant alleges that the subject

24  agreement allowed for no-cause termination of the agreement, which Defendant exercised.

25  FIFTEENTH AFFIRMATIVE DEFENSE: Defendant alleges that the Plaintiffs are

26  barred from recovery of damages based upon the doctrine of after-acquired evidence.

27  Defendant denies that Dr. Sairam was at any time an employee of Defendant, but both prior to

28  the time the contract was terminated and extending afterwards Dr. Sairam engaged in

1   unprofessional behavior.  Such conduct includes, but is not limited to, failure to respond

2   timely to inquiries from staff, failure to respond timely to inquiries from patient families,

3   failure to abide by COVID-19 protocols, and unprofessional communication with staff of

4   Defendant.

5          SIXTEENTH AFFIRMATIVE DEFENSE: The Complaint, and each of its causes of

6   action, is barred because Defendant did not engage in the alleged retaliation set forth in the

7   Complaint.

8          SEVENTEENTH AFFIRMATIVE DEFENSE: The Complaint, and each of its causes

9   of action, is barred because all actions taken by Defendant were for legitimate business

10  reasons.   Defendant acted within the terms of the contract to elect to terminate the contract

11  upon proper notice.

12         EIGHTEENTH AFFIRMATIVE DEFENSE: Defendant alleges that all or some of

13  Plaintiffs' causes of action are barred given Plaintiffs were an independent contractor of

14  Defendant Mercy.

15         NINETEENTH AFFIRMATIVE DEFENSE: Plaintiffs' complaint fails to allege facts

16  sufficient to support a claim of punitive damages.  The decision to terminate the directorship

17  contract, and all actions associated with the termination, were done for legitimate reasons and

18  per the terms of the contract. All actions taken after the termination were done in accordance

19  with standard of the industry and in-line with the introduction of a new medical director.

20         TWENTIETH AFFIRMATIVE DEFENSE: Plaintiffs' complaint fails in its entirety as

21  all actions taken by Defendant were for legitimate, non-retaliatory purposes.  Defendant acted

22  within the terms of the contract to elect to terminate the contract upon proper notice.

23         TWENTY-FIRST AFFIRMATIVE DEFENSE: Plaintiffs' complaint fails in its entirety

24  to plead sufficient facts that would give rise to individual liability for Defendant Tsanos.

25         TWENTY-SECOND AFFIRMATIVE DEFENSE: Defendant reserves the right to

26  assert other defenses as they become apparent or available, and to amend this answer

27  accordingly.  No defense is being knowingly or intentionally waived.  Defendant further

28  reserves the right to assert additional, relevant affirmative defenses to the extent they become

1    known through discovery.

2

3                            **PRAYER FOR RELIEF**

4          WHEREFORE, Defendant prays for judgment from this Court as follows:

5          1.       Plaintiffs take nothing by this action;

6          2.       That the Complaint be dismissed with prejudice and that judgment be entered

7    against Plaintiffs and in favor of Defendant on each cause of action;

8          3.       That Defendant be awarded their attorneys' fees and costs of suit herein to the

9    extent permitted under applicable law; and

10         4.       Such other and further relief as the Court deems appropriate and proper.

11

12   DATED:  September 3, 2021                    ERICKSEN, ARBUTHNOT

13                                               _____/s/_____

14                                               ANDREW J. KOZLOW
                                                 LEILA M. MOHSENI
15                                               Attorneys for Defendants,
                                                 MERCY RETIREMENT AND CARE
16                                               CENTER and TAMRA MARIE TSANOS

17

18

19

20

21

22

23

24

25

26

27

28

17787488.1

1

## CERTIFICATE OF SERVICE

2

3            I hereby certify that a true and correct copy of the foregoing document was filed with
the court and served electronically through the CM-ECF (Electronic Case Filing) system to
all counsel of record to those registered to receive a Notice of Electronic Filing for this case
4 on this 3rd day of September, 2021.

5   PERSON(S) SERVED:

6

7   ***Plaintiff's Counsel***
Michael A. Gawley
8 J. Maxwell Cooper
Kessenick, Gamma & Free, LLP
9 1 Post Street, Suite 2500
San Francisco, CA 94104
10 T. (415) 362-9400
F. (415) 362-9401
11 mgawley@kgf-lawfirm.com

12

13            Executed at Concord, California on September 3, 2021.

14

15                                                    Penny Peterson

16

17

18

19

20

21

22

23

24

25

26

27

28

17787488.1